UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA WILKINS; VICTORIA
POUNCY; ANNETTE STAPLETON;
and SHANNON STAPLETON,

            Plaintiffs,

v.                                              Case No. 6:17-cv-1342-Orl-37GJK

MARISSA STAPLETON; and JOHN
DOES 1–25,

            Defendants.

_____

## ORDER

Today, as on nearly every day, the Court turns to address a new civil action that fails to allege sufficient facts to support subject matter jurisdiction.[1] In the desperate hope that perhaps—just perhaps—members of the Bar will read, mark, learn, inwardly digest,[2] and—most importantly—apply this fundamental principle to litigation in federal court, this reminder:

**<u>Federal courts are courts of limited jurisdiction!</u>**

As a consequence of this constitutional edict, subject matter jurisdiction must be properly alleged in every complaint and notice of removal filed in this Court. If it is not, then the Court must summarily dismiss, or remand the action to state court.

---

[1] In just the first seven months of 2017, the Bar's failure to meet this minimum jurisdictional pleading standard has required the Undersigned to dismiss, remand, or issue show cause orders in 42 civil actions.

[2] *See* BOOK OF COMMON PRAYER, Proper 28 (1662).

-1-

Diversity jurisdiction appears to create the biggest pleading challenge for the Bar.[3] Time and again, counsel's submissions improperly allege an individual's residency instead of citizenship and an unincorporated business entity's (LLCs, e.g.) "principal place of business" instead of the identity and citizenship of every individual member. This failure to demonstrate even a passing familiarity with the jurisdictional requirements of the federal courts results in a waste of judicial resources that cannot continue.[4]

This case is yet another example of counsel's failure to appreciate the fact that, in order to proceed in federal court, the litigant <u>must</u> establish subject matter jurisdiction by pleading facts that support it. In compliance with Rule 11 of the Federal Rules of Civil Procedure, if you are unsure about how to properly allege citizenship, do some basic research. Pending review of the applicable law, here are a few hints.

- ► DO NOT allege the "residence" of a party—<u>citizenship</u> is what counts.

- ► DO NOT allege that you <u>do not know</u> the citizenship of a party.

- ► DO NOT allege jurisdictional facts "on information and belief."

---

[3] When an action is brought under § 1332, the Court must be sure that the plaintiff has alleged that the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction" in every complaint).

[4] The U.S. District Court for the Middle District of Florida is one of the busiest district courts in the country and its limited resources are precious. Time spent screening cases for jurisdictional defects, issuing orders directing repair of deficiencies, then rescreening the amended filings and responses to show cause orders is time that could and should be devoted to the substantive work of the Court.

- ▶ DO know the differences between an incorporated entity and an LLC or a partnership for diversity purposes.[5]

- ▶ DO understand that until you have drilled down to a real person or incorporated entity and alleged their citizenship, you have not arrived.

- ▶ DO know what constitutes sufficient proof of the amount in controversy requirement.

- ▶ DO allege a basis of jurisdiction for every claim asserted—not just for the case as a whole.

Again, if you do not know or are unsure of the differences among business entities, or the proof required for the amount in controversy, or any other matter—<u>look it up</u> before filing a complaint or removing from state court. The classic errors in the Complaint filed in this action, which are highlighted below, provide a good start for counsel who <u>must</u> do better.

### LEGAL STANDARDS

Federal courts have the "power to decide only certain type of cases"—including cases brought based on diversity jurisdiction under 28 U.S.C. § 1332. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Federal courts also have the obligation, in every case, to "zealously insure that jurisdiction exists." *See Smith v. GTE*

---

[5]The citizenship of an incorporated business entity turns on the entity's State of incorporation <u>and</u> the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The citizenship of an "unincorporated business association or entity" depends on the citizenship of its individual members. *See Scuotto v. Lakeland Tours, LLC*, No. 3:13-cv-1393, 2013 WL 6086046, at *1 (M.D. Fla. Nov. 19, 2013); *see also Certain Underwriters at Lloyd's of London, UK v. Ocean Walk Resort Condo. Assoc.*, No. 6:16-cv-258-Orl-37GJK, 2017 WL 3034069 (M.D. Fla. Jul. 18, 2017).

*Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). When subject matter jurisdiction is absent, courts "must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Dismissal and repleader also is required whenever a party files a shogun complaint.[6] *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings). Shotgun complaints result when a plaintiff "fails to follow Rules 8 and 10."[7] *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014). A quintessential shotgun complaint includes multiple counts that indiscriminately incorporate by reference all of the preceding paragraphs of the Complaint. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320–23 (11th Cir. 2015).

## Discussion

Here, Plaintiffs assert that this Court has subject matter jurisdiction over their estate planning dispute "pursuant to 28 U.S.C. 1332" (Doc. 1, ¶ 2), but they have not provided the necessary factual allegations to support their jurisdictional assertion. To the contrary, Plaintiff has identified the <u>residency</u> of the named parties (*id.* ¶¶ 4–8), even

---

[6]District courts must dismiss such pleadings because they: (1) frustrate the joinder of issues and control of discovery; (2) cause unmanageable trial dockets; and (3) result in a loss of "confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996).

[7]Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, such filings must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Local Rules 1.05, 1.06.

though subject matter jurisdiction turns on an individual party's citizenship. Plaintiffs also improperly name twenty-five fictitious parties with no jurisdictional allegations at all. *See House v. SE Freight Lines, Inc.*, No. 1:09-cv-0084-MHS, 2009 WL 10671259, at *1 (N.D. Ga. Apr. 23, 2009) (noting that "the naming of a fictitious party in a civil case filed originally in district court generally destroys diversity"); *McAllister v. Henderson*, 698 F. Supp. 865, 868–69 (N.D. Ala. 1988) (collecting authorities for the proposition that "the presence of fictitious defendants . . . ordinarily destroy diversity jurisdiction in diversity cases originally filed in federal court"); *see also Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (noting that "fictitious-party pleading [generally] is not permitted in federal court").[8] Finally, the Complaint is a quintessential shotgun pleading in that all five claims asserted by Plaintiff indiscriminately "repeat and reallege all prior allegations." (Doc. 1, ¶¶ 33, 47, 57, 67; *id.* ¶ 77 (misnumbered as ¶ 14).) Repleading is required to cure this multitude of pleading errors.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

(2) On or before **August 8, 2017**, Plaintiff may file an Amended Complaint that properly establishes the grounds for the Court's exercise of subject matter jurisdiction.

---

[8] In contrast, for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

(3) Absent timely compliance with the requirements of this Order, this action will be **CLOSED** without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 1, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record