UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VANESSA WILKINS; VICTORIA
POUNCY; and SHANNON
STAPLETON,

      Plaintiffs,

v.                                                         Case No. 6:17-cv-1342-Orl-37GJK

MARISSA STAPLETON,

      Defendant.

ORDER

This matter is before the Court on Defendant's Motion to Dismiss Second Amended Complaint (Doc. 20 ("**MTD**")). Although Plaintiffs have not yet responded to the MTD, the Court finds that the Second Amended Complaint (Doc. 18) is due to be dismissed as an impermissible shotgun pleading.

### DISCUSSION

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth minimum requirements for complaints filed in this Court. At a minimum, complaints must: (1) include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances;" and (2) provide more than mere labels, legal conclusions, or formulaic recitation of the elements of a claim. *See* Fed. R. Civ. P. 8(a), 8(d), 10(b); Local Rules 1.05, 1.06. Shotgun pleadings result when a plaintiff "fails to follow Rules 8 and 10." *See Hickman v. Hickman*,

563 F. App'x 742, 744 (11th Cir. 2014); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that a "shotgun" pleading "is in no sense the 'short and plain statement of the claim' required by Rule 8" and it "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts").

The "most common type" of shotgun pleading "is a complaint containing multiple counts where each count adopts the allegation of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland*, 792 F.3d at 1321. Shotgun pleadings also may "begin with a long list of general allegations" that are "incorporated by reference into each count of the complaint." *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting the "all-too-typical shotgun pleading" where the first paragraph of each count "incorporates by reference" all of the factual allegations).

The U.S. Court of Appeals for the Eleventh Circuit warns that actions founded on shotgun pleadings should not be permitted because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996); *see also Chapman AI Trans.*, 229 F.3d 1012, 1027 (11th Cir. 2000). Heeding this warning, when confronted with

a deficient pleading—especially a shotgun complaint—district courts must require the party to replead. *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127–28 (11th Cir. 2014) (criticizing district court for failing to police shotgun pleadings); *Starship Enters. of Atlanta, Inc. v. Coweta Cty. Ga.*, 708 F.3d 1243, 1250 n.7 (11th Cir. 2013) (explaining that shotgun pleadings may constitute "an abusive tactic" of litigation that district courts must address on their "own initiative").

The Second Amended Complaint reflects the most common type of shotgun pleading. In five succeeding counts, which are founded on diverse legal theories, all preceding allegations are incorporated by reference. (*See* Doc. 18, ¶¶57, 80, 96, 110, 116.) As such, repleader is required. *See, e.g.*, *Weiland*, 792 F.3d at 1321.

## Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) The Second Amended Complaint (Doc. 18) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

(2) On or before **December 15, 2017**, Plaintiffs may file a Third Amended Complaint in accordance with this Order.

(3) Defendant's Motion to Dismiss Second Amended Complaint (Doc. 20) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 29, 2017.



Copies to:

Counsel of Record